## BIDDLE v STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9173. Decided Dec. 3, 1928.

Jack Canfield, Cleveland, for Biddle.
Carl Shuler, Cleveland, for State.

## VICKERY J

Now there is no evidence of a sale or attempted sale, nor is there any evidence of any circumstances that would lead one to believe that there was a trafficking in liquor in this house other than the mere presence of three and a half gallons of alcohol. Of course if the analysis had shown that these two hundred bottles of near-beer or home-brew, whatever it might be, contained a percentage of alcohol in violation of law, the quantity might be such that an inference might be drawn that so much material would not be there unless it was for the purpose of trafficking in liquor.

It is argued that the case comes squarely within the case of Bender vs. Addams et al, 26 O L R, 128, decided March 5th, 1928, by this court and a motion in that case to certify was refused by the Supreme Court. This court laid down the proposition in that case that the mere presence of liquor in a private house, unattached to any business place, was not necessarily a violation of law; that there must be a trafficking, not necessarily evidence or proof of a sale of liquor, but such activity from which a court might infer that there had been a trafficking or that the liquor was there for the purpose of being trafficked in. As the evidence now stands in this case,—for we must say that the record is very, very meager,—it does not show that there has been a trafficking in liquor in these premises.

The judgment of the court is, therefore, contrary to the weight of the evidence and is not supported by sufficient evidence. The judgment of the court will, therefore, be reversed and the cause remanded to the Municipal Court for a new trial.

Sullivan, P J and Levine J, concur.